UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 5:17-cv-00176

| | |
|---|---|
| **SWIFT BEEF COMPANY,** )<br>)<br>)<br>Plaintiff, )<br>)<br>Vs. )<br>)<br>)<br>**ALEX LEE, INC.,** )<br>)<br>Defendant. ) | TEMPORARY RESTRAINING<br>ORDER |

**THIS MATTER** is before the Court on plaintiff's Emergency Motion for Temporary Restraining Order (#3). The court has expedited consideration of this request given the time-sensitive nature of plaintiff's Motion, the recent nature of the alleged violation, and the gravity of the harm outlined in the pleadings.

I.

Applications for issuance of a TRO are governed by Fed. R. Civ. P. 65(b)(1), which provides as follows:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

-1-

Id. The Court notes that "the issuance of an ex parte temporary restraining order is an emergency procedure and is appropriate only when the applicant is in need of immediate relief." Wright and Miller, 11A Fed. Prac. & Proc. Civ. § 2951 (3d ed.).

In evaluating a request for a TRO, the court considers the same factors applied for a preliminary injunction. Pettis v. Law Office of Hutchens, Senter, Kellam & Pettit, No. 3:13-CV-00147-FDW, 2014 WL 526105, at *1 (W.D.N.C. Feb. 7, 2014) (citing Hoechst Diafoil Co. v. Nan Ya Plastics Corp., 174 F. 3d 411 (4th Cir. 1999)). In assessing such factors, plaintiff must demonstrate that: (1) it is likely to succeed on the merits; (2) it will likely suffer irreparable harm absent an injunction; (3) the balance of hardships weighs in its favor; and (4) the injunction is in the public interest. League of Women Voters of N. Carolina v. N. Carolina, 769 F.3d 224, 236 (4th Cir. 2014), cert. denied, 135 S. Ct. 1735, 191 L. Ed. 2d 702 (2015) (citing Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008)).

## II.

The Court has closely read the Complaint (#1), the attached exhibits (including the Lease Agreement and Purchase Agreement, hereinafter "the Agreements") and the arguments stated in the instant motion. The Court finds that plaintiff has, at least initially, made the required showing.

As to the first consideration, the Court finds ample evidence that supports plaintiff's contention that defendant is attempting to violate the Agreements. The Complaint and the exhibits annexed to the motion provide the Court with reason to believe that defendant has professed an intent to force the eviction of plaintiff from the premises of the plant in Lenoir. However, the court cannot find that defendant has demonstrated a legitimate basis for eviction, such as a failure to pay rent or failure to provide the services required by the contract's terms. As a result, defendant has

no cause to evict plaintiff, and any attempt to do so would constitute a breach of contract. Plaintiff has also demonstrated breaches by defendant in failing to file proper paperwork and delaying consent to improvements to the leased property. Thus, plaintiff would likely succeed at trial, as plaintiff has proffered evidence that, if accepted by a jury, supports a claim that defendant has breached the Agreements without cause. The first consideration is therefore satisfied.

As to the second consideration, the Court finds that plaintiff will likely suffer irreparable harm absent an injunction inasmuch as its relationships and goodwill with customers and potential customers will be harmed. Plaintiff avers that a number of customers are supported through the Lenoir plant, and eviction would meaningfully disrupt plaintiff's working relationships with those customers, to say nothing of any potential future customers. Further, with six and a half years remaining on the lease, such an eviction would constitute a significant interference with plaintiff's possession of real property. Consequently, the second factor is satisfied.

As to the third factor, the balance of hardships weighs in favor of issuing the TRO. While plaintiff would suffer sizable hardships from eviction, as described above, the only current hardship apparent for the defendant is to continue abiding by the Agreements. The balance of hardships is thus struck in favor of issuing the TRO.

Finally, the Court has considered where the public interest lies. It is well-established that the public has a strong interest in enforcing and protecting valid contracts. The Court can find no indicia at this point that the Agreements constituted overly broad or burdensome contracts, ones that were forced on defendant, or ones that were not supported by consideration. This factor weighs in favor of the issuance of a TRO.

III.

The Court concludes that a Temporary Restraining Order is an appropriate initial remedy as the applicant is in need of immediate relief. Wright and Miller, 11A Fed. Prac. & Proc. Civ. § 2951 (3d ed.). Issuance of this Order *ex parte* is necessitated by the gravity of the harm alleged. Based on consideration of all the factors, the requested TRO will issue. The Motion for Temporary Restraining Order is converted to a Motion for Preliminary Injunction, which will be heard as provided below. Toro Co. v. Textron, Inc., 703 F. Supp. 417, 418 (W.D.N.C. 1987).

**ORDER**

**IT IS, THEREFORE, ORDERED** that plaintiff's Emergency Motion for a Temporary Restraining Order (#3) is **GRANTED in part** and **DENIED in part without prejudice** and a **TEMPORARY RESTRAINING ORDER** is issued restraining defendant **ALEX LEE, INC.** from evicting plaintiff **SWIFT BEEF COMPANY** from the premises of the Lenoir plant or otherwise terminating the Agreements. Defendant is advised that violation of this Order could result in a finding of contempt.

**IT IS FURTHER ORDERED** that in accordance with Rule 65(b)(2), this Order shall expire at the conclusion of the hearing on the Emergency Motion for Temporary Restraining Order, which is converted to a Motion for Preliminary Injunction, and the hearing on the Motion for Preliminary Injunction shall be **CALENDARED** by the Clerk of Court for an adversarial hearing on October 13, 2017, at 2:00 P.M. at the Charles R. Jonas Federal Building, Courtroom 2, 401 West Trade Street, Charlotte, North Carolina. At said hearing, the court shall also consider the other relief requested in plaintiff's instant motion, including compelling defendant to execute and return the original memorandum and consent to plaintiff's proposed improvements. Further, the

court waives the security requirement, given the lack of a quantifiable harm to the defendant based on the facts currently before the court.

The United States Marshal is directed to personally serve this Temporary Restraining Order on the defendant's registered agent:

> Mr. Boyd L. George
> 120 4th Street SW
> Hickory, NC 28602

Costs for such service shall be paid by plaintiff.

This Order is issued at 4:00 P.M. on October 5, 2017, in Charlotte, North Carolina.

Signed: October 5, 2017

Max O. Cogburn Jr.
United States District Judge