UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
DOCKET NO. 5:17-cv-00176

| | |
|---|---|
| **SWIFT BEEF COMPANY,** | )<br>) |
| Plaintiff, | )<br>) |
| Vs. | ) ORDER<br>) |
| **ALEX LEE, INC.,** | )<br>) |
| Defendant. | )<br>) |

**THIS MATTER** is before the court on plaintiff's Emergency Motion for Temporary Restraining Order (#4), which converted to a Motion for a Preliminary Injunction. The court has heard evidence and arguments from both parties at the requisite hearing, and after careful consideration of the pleadings, the court enters the following Order.

**I.   Background**

Plaintiff Swift Beef Company is a meat company that offers a range of brands and programs designed to meet the needs of purchasers. One such program is known as "Case Ready," which provides fresh meat cut and packaged to customer specifications and made ready for placement in coolers or freezers, such as at local grocery stores. Plaintiff offers beef, pork, and poultry options in its Case Ready business line. (Emergency Motion for TRO, #4 at 3-4). Defendant Alex Lee, Inc., is a privately held company with two primary food distribution and retail operating companies: Merchants Distributors and Lowes Foods, LLC. They service customers in North and South Carolina, Virginia, West Virginia, Georgia, Alabama, Florida, Tennessee, Ohio, Pennsylvania, and Kentucky. Defendant owns a plant in Lenoir, North Carolina, which is used as

a meat processing and packaging facility that defendant leases out to operators. On April 21, 2014, defendant and plaintiff entered into a Lease Agreement and a Purchase Agreement ("the Agreements"). The Agreements had defendant lease the Lenoir plant to plaintiff, and required plaintiff to supply defendant with certain Case Ready products. The Agreements have a ten year term and are dependent on each other; if a party fails to perform under one agreement, both may be terminated. (#4 at 4-8).

Plaintiff contends that a material breach of the Agreements is imminent, arguing that defendant is attempting to evict plaintiff from the Lenoir plant without cause. (#4 at 10-11). In doing so, plaintiff claims irreparable harm will result in the form of loss of goodwill, sales, customers, and business opportunities, as well as denial of property rights. (#4 at 18). Defendant argues that they are not attempting to evict plaintiff, but if they did, they would be within their rights given certain alleged breaches in performance by plaintiff. (Defendant's Response, #13 at 7-8). Further, defendant notes that an eviction is impossible without commencing summary ejectment proceedings in state court, and suggests that a preliminary injunction is unwarranted given defendant's ability to make their case in ejectment proceedings instead. (#13 at 5-6).

**II.     Legal Standard**

Whether to grant injunctive relief is within the sound discretion of the district court. See Hughes Network Sys. V. InterDigital Commc'ns Corp., 17 F.3d 691, 693 (4th Cir. 1994). However, granting a preliminary injunction "requires that a district court, acting on an incomplete record, order a party to act, or refrain from acting, in a certain way. The danger of a mistake in this setting is substantial." Scotts Co. v. United Indus. Corp., 315 F.3d 264, 284 (4th Cir. 2002) (citations and internal quotations omitted). Consequently, a preliminary injunction is "an extraordinary remedy

involving the exercise of a very far-reaching power, which is to be applied 'only in [the] limited circumstances' which clearly demand it." <u>Direx Israel, Ltd. V. Breakthrough Med. Corp.</u>, 952 F.2d 802, 811 (4th Cir. 1992) (quoting <u>Instant Air Freigh Co. v. C.F. Air Freight, Inc.</u>, 882 F.2d 797, 800 (3rd Cir. 1989)). The injunction must also "be tailored to restrain no more than what is reasonably required to accomplish its ends." <u>Consolidation Coal Co. v. Disabled Miners of S.W. Va.</u>, 442 F.2d 1261, 1267 (4th Cir. 1971).

A four-part balancing test is applied to determine whether a preliminary injunction should issue. Under the test, the court considers: (1) the likelihood of irreparable harm to the plaintiff if the preliminary injunction is denied; (2) the likelihood of harm to the defendant if the requested relief is granted; (3) the likelihood that the plaintiff will succeed on the merits, and (4) the public interest. See <u>Willis v. Town of Marshall</u>, 426 F.3d 251, 267 (4th Cir. 2005). While no one factor is generally dispositive, the two most important are "probable irreparable injury to the plaintiff if an injunction is not issued and likely harm to the defendant if an injunction is issued." <u>Id.</u>

### III. Discussion

First, the court will consider the likelihood of irreparable harm to plaintiff if the injunction is denied. If plaintiff is evicted from the plant in Lenoir, plaintiff argues they will suffer irreparable harm through loss of goodwill, sales, customers, and business opportunities. Further, they will lose their property rights under the Agreements, as six and a half years remain before they expire. (#4 at 18). However, defendant asserts that such talk is premature, given that defendant has yet to terminate the Agreements or commence any eviction proceedings. (#13 at 5). Additionally, defendant notes that they must obtain a writ of possession through proceedings in state court before

plaintiff could be evicted. Since plaintiff would have a full and fair opportunity to be heard on the merits there, defendant argues that any harm is not irreparable.

Here, the court finds that plaintiff has properly showed irreparable harm through possible loss of goodwill and customers, along with interference with property rights, as all are recognized as irreparable harms. See Multi-Channel TV Cable Co. v. Charlottesville Quality Cable Operating Co., 22 F.3d 546, 552 (4th Cir. 1994) ("[W]hen the failure to grant preliminary relief creates the possibility of permanent loss of customers to a competitor or the loss of goodwill, the irreparable injury prong is satisfied."); Pelfresne v. Village of Williams Bay, 865 F.2d 877, 883 (7th Cir. 1989) ("As a general rule, interference with the enjoyment or possession of land is considered 'irreparable' since land is viewed as a unique commodity for which monetary compensation is an inadequate substitute."). Further, the court finds defendant's argument is insufficient to defeat plaintiff's showing of irreparable harm, as the availability of a proper means of evicting plaintiff does not preclude plaintiff from pursuing an injunction. See Fairfield Resorts, Inc. v. Fairfield Mountains Prop. Owners Ass'n, Inc., 2006 WL 1889152, at *5 (W.D.N.C. 2006) ("It is true that there is a proper way for Defendant to undertake removing Plaintiff from the leased properties. However, there is almost always a proper way to go about any particular undertaking. If it were enough to merely show that a particular legal means to perform some action existed, few, if any, preliminary injunctions would ever issue.")

Next, the court considers the likelihood of irreparable harm to defendant if the preliminary injunction is issued. Defendant claims that entry of a preliminary injunction would deny defendant access to judicial processes through which the dispute should be resolved. Further, defendant argues that plaintiff is committing ongoing breaches to the Agreements that are causing serious

harm to defendant, and that an injunction would prevent defendant from exercising its rights under the Agreements to remove plaintiff and thus eliminate the harm. (#13 at 10). In response, Plaintiff suggests that maintaining the status quo presents no harm to defendant, since all the injunction would do is prevent defendant from committing a breach of the Agreements by immediately terminating them and evicting plaintiff. (#4 at 22).

Here, the court finds that harm to defendant is minimal. While it is true that a preliminary injunction would prevent defendant from pursuing eviction proceedings elsewhere, they are still free to make their case before this court, to wit, that plaintiff is in breach of the Agreements, as the matter proceeds. Thus, the court does not find that the harm to defendant by a preliminary injunction is irreparable, as this court is free to repair any harm done at a later date, if that becomes necessary. Given minimal harm to defendant if a preliminary injunction issues and various irreparable harms to plaintiff if their motion is denied, the court finds that the balance of the hardships tilts decisively in plaintiff's favor.

Next, the court considers the likelihood of plaintiff's success on the merits. Given the court's finding above that the balance of hardships decisively favors plaintiff, it is "enough that plaintiff has raised questions going to the merits so serious, substantial, difficult, and doubtful, as to make them fair ground for litigation and thus for more deliberate investigation." Scotts Co., 315 F.3d at 271 (citations and quotations omitted); see also, Gilliam v. Foster, 61 F.3d 1070, 1078 n. 5 (4th Cir. 1995). Plaintiff has argued that defendant has no basis for terminating the Agreements, and presented evidence of this in their motion and at the October 12 hearing. Defendant countered with evidence of their own in their response and at the October 12 hearing that point towards a justifiable basis for terminating the Agreements. Based on this conflict, at this preliminary stage it

is unclear if plaintiff would succeed on the merits. However, this dispute demonstrates that questions going to the merits are serious enough to be ground for litigation and investigation, and the court thus finds that plaintiff has satisfied this element. Scotts Co., supra.

Finally, the court considers the public interest. The court finds that such interest favors granting plaintiff's motion, as the public has a strong interest in enforcing and protecting valid contracts. See Campbell Alliance Group, Inc., 2014 WL 51241, at *4 (citing ISCO Indus., LLC v. Erdle, No. 5:11-CV-552-F, 2011 WL5101599, at *4 (E.D.N.C. 2011) ("[T]he public interest is served by granting this temporary restraining order because such issuance ensures that valid contracts are enforced."). The court also notes that the threatened termination of the Agreements and eviction from the Lenoir plant would disrupt plaintiff's ability to provide food for North Carolinians and residents of neighboring states. (#4 at 20). Thus, the court finds the public interest weighs in favor of the plaintiff and in "preserving the *status quo* pending a determination of the parties' respective rights." Fairfield Resorts, 2006 WL 1889152 at *6.

Thus, having taken each of the four parts of the balancing test used in this Circuit into account, the court finds that issuance of a preliminary injunction is appropriate.

**ORDER**

**IT IS, THEREFORE, ORDERED** that plaintiff's motion for preliminary injunction is **GRANTED**. Defendant is enjoined, pending resolution of this matter on the merits or further Order of this court, from removing plaintiff (or plaintiff's property) from the real property subject to the Lease Agreement. Under Rule 65(c), no performance bond will be set at this time.

Signed: October 17, 2017

Max O. Cogburn Jr.
United States District Judge