UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
DOCKET NO. 5:17-cv-176

| | |
|---|---|
| **SWIFT BEEF COMPANY,** | )<br>) |
| Plaintiff, | )<br>) |
| Vs. | )     ORDER<br>) |
| **ALEX LEE, INC.,** | )<br>) |
| Defendant. | ) |

**THIS MATTER** is before the court on defendant's Partial Motion to Dismiss. Having considered defendant's motion and reviewed the pleadings, the court enters the following Order.

I.     **Background**

Plaintiff Swift Beef Company is a meat company that offers a range of brands and programs designed to meet the needs of purchasers. One such program is known as "Case Ready," which provides fresh meat cut and packaged to customer specifications and made ready for placement in retail coolers or freezers, such as at local grocery stores. Plaintiff offers beef, pork, and poultry options in its Case Ready business line.

Defendant Alex Lee, Inc., is a privately held company with two primary food distribution and retail operating companies: Merchants Distributors, Inc. and Lowes Foods, LLC. They service customers in North and South Carolina, Virginia, West Virginia, Georgia, Alabama, Florida, Tennessee, Ohio, Pennsylvania, and Kentucky. Defendant owns a plant in Lenoir, North Carolina, which is used as a meat processing and packaging facility that defendant leases out to operators.

On April 21, 2014, defendant and plaintiff entered into a Lease Agreement and a Purchase Agreement ("the Agreements"). In the Agreements, defendant leased the Lenoir plant to plaintiff, and required plaintiff to supply defendant with certain Case Ready products. The Agreements have a ten year term and are linked; if a party fails to perform under one, both may be terminated. Due to a dispute over whether the Agreements were breached, this Court earlier granted a preliminary injunction to bar defendant from evicting plaintiff while more discovery was conducted in this case.

At this juncture, defendant moves to dismiss Count II of plaintiff's Complaint, which is for for anticipatory repudiation or breach of contract. Defendant argues that plaintiff has failed to state a claim upon which relief can be granted. Essentially, defendant contends that any termination is not a repudiation, but is well within defendant's rights due to plaintiff's alleged breaches.

**II.     Standard of Review**

A motion to dismiss "challenges the legal sufficiency of a complaint." Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009). For purposes of the motion, the factual allegations in the complaint are accepted as true and viewed in the light most favorable to the non-moving party. Coleman v. Md. Court of Appeals, 6266 F.3d 187, 189 (4th Cir. 2010). The court need not accept "unwarranted inferences" or "unreasonable arguments." Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id.  Only "a short and plain statement of the claim showing that the pleader is

entitled to relief" is required. Fed. R. Civ. P. 8(a)(2). Such statement does not require "specific facts," but need only give defendant "fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Twombly, 550 U.S. at 544). Finally, "[a] Rule 12(b)(6) motion 'does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" Pisgah Laboratories, Inc. v. Mikart, Inc., 2015 WL 996609, at *2 (W.D.N.C. Mar. 5, 2015) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999)).

### III. Discussion

Here, the court finds that plaintiff has alleged sufficient facts to maintain a claim for breach of contract based on anticipatory repudiation and survive a Rule 12(b)(6) motion.

Anticipatory breach occurs "before there is a present duty of performance, and is the outcome of words evincing intention to refuse performance in the future." Cook v. Lawson, 3 N.C. App. 104, 107 (1968) (citations and quotations omitted); see also Gupton v. Son-Lan Development Co., 205 N.C. App. 133, 139 (2010) ("It is well settled that when the promisor to an executory agreement for the performance of an act in the future renounces its duty under the agreement and declares its intention not to perform it, the promisee may treat the renunciation as a breach and sue at once for damages."). "If this occurs, there is a breach of the contract . . . even though it takes place long before the time prescribed for the promised performance and before conditions specified in the promise have ever occurred." Gupton, 205 N.C. App. at 140. For anticipatory repudiation to be true, "the words or conduct evidencing the renunciation or breach must be a positive, distinct, unequivocal, and absolute refusal to perform the contract when the time fixed for it in the contract arrives." Id. at 139-40 (citations and quotations omitted).

Plaintiff's complaint properly alleges facts that, if later proved, could show the Agreements exist, the Agreements are valid, and that the Agreements bind both parties. Plaintiff's complaint also alleges facts that suggest defendant's threats of termination constituted an anticipatory repudiation of the contract, such as by showing a letter from defendant unequivocally threatening to terminate the lease on the basis of a breach that plaintiff contends was not committed.

Defendant argues that breaches did in fact occur, and that as a result, defendant had the right to terminate the Agreements immediately, with or without notice. Defendant offers evidence, including an affidavit, to show that breaches justifying termination of the Agreements did occur. However, the Court is not meant to take such evidence into account and rule on the merits of the case in a Rule 12(b)(6) motion, prior to discovery being conducted and completed. See Fed. R. Civ. P. 12(d); see also Phillips v. Pitt County Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009); Hill v. Coggins, 2014 WL 2738665, at *6 (W.D.N.C. June 17, 2014) (refusing to consider an affidavit filed by defendants in support of a Rule 12(b)(6) motion); Matherly v. Johns, 2012 WL 2953671, at *1 (E.D.N.C. July 9, 2012) (declining to consider a declaration filed by defendants in support of a Rule 12(b)(6) motion). Simply put, if the Court accepts plaintiff's factual allegations as true, plaintiff has pleaded a breach of contract claim for anticipatory repudiation with particularity. Defendant's evidence may well be accurate, and perhaps even ultimately help to resolve the matter in defendant's favor on the merits if credited by a jury. But this is not the time or the place in the proceedings for the court to decide. Pisgah Laboratories, Inc., 2015 WL 996609, at *2 (quoting Edwards, 178 F.3d at 243).

Defendant notes in their brief that a dispute such as this should be resolved through the ultimate outcome of this lawsuit or through a negotiated resolution. The court agrees, especially with the latter. The parties may reach such a negotiated resolution in the mediation session scheduled for January 16, 2018. Failing that, the court will consider the merits of the case at summary judgment, but not before.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's Partial Motion to Dismiss (#20) is **DENIED**.

Signed: January 12, 2018

Max O. Cogburn Jr.
United States District Judge